UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SERGIO MARTINEZ,

    Plaintiff,

v.                                                                          Case No. 5:11-cv-580-Oc-10TBS

DEUTSCHE BANK NATIONAL TRUST CO.,
as trustee for American Home Mortgage, Inc.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Request for Entry of Default (Doc. 8). Plaintiff, who is pro se, instituted this action on October 18, 2011 by filing his Complaint (Doc. 1), Petition for Temporary Injunction (Doc. 2), and Plaintiffs' Notice of Petition and Petition for Pre-Litigation Discovery (Doc. 3). The District Judge promptly denied the Petition for Temporary Injunction based upon the probable application of the Rooker-Feldman Doctrine and because plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court, Middle District of Florida (Doc. 4). This Court denied the Plaintiffs' Notice of Petition and Petition for Pre-litigation Discovery (Doc. 6). In its Order, this Court expressed concern whether any summons had ever been issued and served on the defendant and informed plaintiff about the provisions of Rule 4(m) Fed. R. Civ. P. (Id.)

On November 14, 2011, the plaintiff filed a Proof of Service to which is attached a partially filled out summons form (Doc. 7). The Proof of Service states that a process server in Irvine, California served "the summons on [ ] Heather Dadgarkiani,

who is designated by law to accept service of process on behalf of [ ] American Home Mortgage Servicing Inc. on [ ] 11/01/2011." (Id.) American Home Mortgage Servicing Inc. is not the defendant in this case; the summons is not signed by the Clerk; it does not contain the Court's seal; and it is undated. (Id.) The Court has reviewed the docket and it does not appear that the Clerk has issued any summonses in this matter.

On December 28, 2011, the plaintiff filed his Plaintiff's Request for Entry of Default (Doc. 8). On December 30, 2011, counsel for the defendant made a limited appearance (Doc. 9) and filed the Defendant's Motion to Quash Service of Process, or in the Alternative, Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. 10). Today, plaintiff filed his Plaintiff's Motion/Answer in Opposition to Defendant's Motion to Quash Service of Process or in the Alternative, Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. 11).

In his response, the plaintiff states: (1) he was not aware of this Court's Order (Doc. 6) until counsel for the defendant sent him a copy; (2) he received a dated summons from the Clerk which bears the Court seal; (3) the Clerk refused to sign the summons; and (4) if the docket does not reflect issuance of the summons it is only because the Clerk made an error. (Id.) The plaintiff proposes that the defendant be given an enlargement of time to answer his Complaint and that this Court issue a temporary restraining order prohibiting the defendant from proceeding against plaintiff (presumably in a mortgage foreclosure action), pending the outcome of this case. (Id.)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). A summons must "be directed to the defendant;" and it must "be signed by the clerk; and bear the court's seal." Rule 4(a)(1) Fed. R. Civ. P.

The plaintiff contends that the only defect in the summons is that it was not signed by the Clerk. The Court begs to differ. The summons employed by the plaintiff does not bear the Court's seal and it is addressed to American Home Mortgage, Inc. upon whom it was apparently served. A different entity, Deutsche Bank National Trust Co., as Trustee for American Home Mortgage, Inc. is the named defendant. There is no evidence in this record that plaintiff has ever served the actual, named defendant.

In Sanderford v. Prudential Ins., Co., of America, 902 F.2d 897, 898-899 (11th Cir. 1990), the Court held that a default judgment was properly entered based in part on an otherwise proper summons from which the number of days the defendant had to respond was inadvertently omitted. The Court found that where the process "was in substantial compliance with requirements of Rule 4(b), F.R. Civ. P. . . . the court is not deprived of personal jurisdiction because there is a minor defect in the process." Id. at 899. In Prewitt Enterpises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916 (11th Cir. 2003), the Court said "in all of the cases cited by Prewitt, the courts were careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules; actual notice alone was not enough to allow the court personal jurisdiction over the defendant." Id. at Fn. 14. However,

when the defects in a summons are more than technical, courts have invalidated the service of process. Schroeder v. Kochanowski, 311 F.Supp. 2d 1241, 1256 (D. Kan. 2004)(summons which did not bear court seal and did not state name and address of plaintiff was not valid).

Without the Clerk's response to the plaintiff's allegations this Court cannot and will not decide plaintiff's claim that the Clerk refused to sign the summons. However, the Court notes that Rule 4(b) Fed. R. Civ. P. states that the Clerk is not required to sign, seal or issue a summons unless it is "properly completed." Here, because the summons was not addressed to the only defendant named in the action, it was not "properly completed."

Even if the Clerk had signed the summons it would not have been in substantial compliance with the requirements of Rule 4(a)(1) because it was not directed to the named defendant and it was not sealed. When these facts are combined with the absence of any evidence that the summons and a copy of the complaint were properly served on the named defendant and the fact that the defendant has made a limited appearance and filed papers in this case it becomes apparent that the Plaintiff's Request for Entry of Default (Doc. 8) must be DENIED.

The Clerk shall ensure that a copy of this Order is mailed to the plaintiff at the address which appears on his papers.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on January 18, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Serio Martinez
    3666 Peace Pipe Way
    Clermont, Florida 34711

    All Counsel