UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SERGIO MARTINEZ,

     Plaintiff,

v.                         Case No.  5:11-cv-580-Oc-10TBS

DEUTSCHE BANK NATIONAL TRUST
CO., as trustee for American Home
Mortgage, Inc.,

     Defendant.

_____

<u>ORDER</u>

This matter comes before the Court on the Defendant's Motion to Quash

Service of Process, or in the Alternative, Motion to Dismiss for Insufficient Process

and Insufficient Service of Process (Doc. 10) and the Plaintiff's Motion/Answer in

Opposition to Defendant's Motion to Quash Service of Process or in the Alternative,

Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc.

11).

I.  BACKGROUND

Plaintiff, who is pro se, filed this action on October 18, 2011 based upon his

apparent dissatisfaction with a real estate mortgage transaction. (Doc. 1.)  Although

his complaint is difficult to understand, he appears to allege that he purchased

property in a transaction that was financed by the defendant or a predecessor

entity.  Now, he complains that an unnamed real estate broker involved in the deal

failed to make full disclosure to him concerning available properties and fees, and

induced him to enter into a "predatory loan." (Doc. 1, ¶ 8.)  He also alleges that an

unnamed real estate appraiser colluded with the defendant to provide an inflated

appraisal.  (Doc. 1, ¶ 27.)  He says an unnamed underwriter, with intent to defraud,

conspired with the defendant to qualify him for a loan he would be unable to pay.

(Doc. 1, ¶ 18.)  And, he alleges that at the loan closing, he was charged fees that

were not disclosed and not permitted by law.  (Doc. 1, ¶27.)  Apparently, the

property has gone into foreclosure and plaintiff alleges that the defendant has failed

to produce evidence that it has standing to foreclose.   (Doc. 1, ¶ 35.)

      With his Complaint, the plaintiff filed his Petition for Temporary Injunction

(Doc. 2), and Plaintiffs' Notice of Petition and Petition for Pre-Litigation Discovery

(Doc. 3).  The District Judge promptly denied the Petition for Temporary Injunction

based upon the probable application of the Rooker-Feldman Doctrine and because

plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local

Rules for the United States District Court, Middle District of Florida (Doc. 4).  This

Court denied the Plaintiffs' Notice of Petition and Petition for Pre-litigation Discovery

(Doc. 6).  In its Order, this Court expressed concern whether a summons had ever

been issued and served on the defendant and informed plaintiff about the

provisions of Rule 4(m) Fed. R. Civ. P.  (Id.)

      On November 14, 2011, plaintiff filed a Proof of Service to which is attached

a partially filled out summons form (Doc. 7).  The Proof of Service states that a

process server in Irvine, California served "the summons on [ ] Heather

Dadgarkiani, who is designated by law to accept service of process on behalf of [ ]

American Home Mortgage Servicing Inc. on [ ] 11/01/2011."  (Id.)  American Home

Mortgage Servicing Inc. is not the named defendant; the summons is not signed by the Clerk; the summons does not bear the Court's seal; apart from the caption, it does not contain the plaintiff's name; nor does it contain the name and address of plaintiff or any attorney upon whom an answer or motion must be served. (Id.)  This Court has reviewed the docket and it does not reflect the issuance of a summons by the Clerk.

On December 28, 2011, the plaintiff filed his Plaintiff's Request for Entry of Default (Doc. 8) which this Court denied for many of the reasons discussed in this Order (Doc. 12).

On December 30, 2011, counsel for the defendant made a limited appearance (Doc. 9) and filed the Defendant's Motion to Quash Service of Process, or in the Alternative, Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. 10).  As grounds, the defendant contends that no summons has been issued in this case and the defendant has not been properly served.  The defendant asks that the purported service in this matter be quashed and that plaintiff's Complaint be dismissed for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) Fed. R. Civ. P.

According to plaintiff, he obtained a dated summons from the Clerk which bears the Court seal but the Clerk refused to sign the summons and if the docket does not reflect issuance of the summons it is only because the Clerk made an error. (Doc. 11.)  Now, the plaintiff proposes that the defendant be given an enlargement of time to answer his Complaint and that the Court issue a temporary

restraining order prohibiting the defendant from proceeding against plaintiff (presumably in the mortgage foreclosure action), pending the outcome of this case. (Id.)

II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(a)(1) states, among other things, that a summons must be directed to the defendant; state the name and address of the plaintiff's attorney, or the plaintiff if he is unrepresented; be signed by the clerk; and bear the Court's seal.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied."  Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).  A summons must "be directed to the defendant;" and it must "be signed by the clerk; and bear the court's seal."  Rule 4(a)(1) Fed. R. Civ. P.

Insufficient process is a defense under Fed. R. Civ. P. 12(b)(4) and insufficient service of process is a defense under Fed. R. Civ. P. 12(b)(5).  "[W]hen a defective summons is served, the defendant has the right, and indeed the duty to assert the defense of insufficient process in a motion or responsive pleading."  Sanderford v. Prudential Ins., Co., of America, 902 F.2d 897, 898 (11th Cir. 1990).

The burden is on the plaintiff to show that process and service of process were both sufficient.  When the defendant challenges process or service the plaintiff must make a prima facie showing that the Court has obtained personal jurisdiction over the defendant.  Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1295 (11th

Cir. 2009)("The plaintiff bears the burden of making out a prima facie case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion.")  The return of service is prima facie evidence but not conclusive proof of good service.  Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008)("A return of service generally serves as prima facie evidence that service was validly performed."); Manufacturers Hanover Trust Co. v. Ponsoldt, 51 F.3d 938, 941 (11th Cir. 1995)(letter from Florida Secretary of State acknowledging acceptance of summons and complaint prima facie evidence of substituted service on the defendant); Udoinyion v. The Guardian Security, 440 Fed.Appx. 731, 735 (11th Cir. 2011)(unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return.)

In this Circuit, a summons is deemed sufficient if it substantially complies with the requirements of Rule 4(b) Fed. R. Civ. P.  Sanderford v. Prudential Ins., Co., of America, 902 F.2d 897, 898-899 (11th Cir. 1990)(holding that a default judgment was properly entered based on an otherwise proper summons from which the number of days the defendant had to respond was inadvertently omitted); and Prewitt Enterpises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916 (11th Cir. 2003).  However, when the defects in a summons are more than technical, courts have invalidated service of process.  Schroeder v. Kochanowski, 311 F.Supp. 2d 1241, 1256 (D. Kan. 2004)(summons which did not bear court seal and did not state name and address of plaintiff was not valid).

III. DISCUSSION

The summons, a copy of which is attached to the plaintiff's Proof of Service does not substantially comply with Rule 4(b) Fed. R. Civ. P.  First, it is not directed to the named defendant.  Second, apart from the case caption, it does not state the plaintiff's name nor does it provide an address for the service of an answer or motion.  Third, the summons was not signed by the Clerk.  Fourth, the summons does not bear the Court's seal.  Therefore, the defendant's motion alleging insufficient process pursuant to Rule 12(b)(4) is due to be GRANTED.

The defendant's motion argues at length that it was not properly served with process.  The Court does not feel the need to discuss those arguments here because the plaintiff's Proof of Service is the only evidence of service in the record and it attests to service on an entity that is different than the named defendant. There is nothing in this record to show how or why service on a non-party would be sufficient for the Court to acquire jurisdiction over the defendant.  Therefore, the defendant's motion alleging insufficient service of process pursuant to Rule 12(b)(5) is also due to be GRANTED.

Here, the defendant has not been prejudiced by the plaintiff's failed attempt at service and it appears the plaintiff can properly serve the defendant.  Therefore, the appropriate remedy is to quash the plaintiff's process and service of process rather than dismiss the case.  Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992); and Stanga v. McCormick Shipping Corp., 268 F.2d 544, (5th Cir. 1059).[1]

_____

[1]This Court adopted all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981 as binding precedent in this circuit.

-6-

Therefore, on the Defendant's Motion to Quash Service of Process, or in the Alternative, Motion to Dismiss for Insufficient Process and Insufficient Service of Process (Doc. 10) it is ADJUDGED that the process and service of process on the defendant are hereby QUASHED with leave to serve the defendant in the manner provided by law.

ORDERED IN CHAMBERS in Ocala, Florida on January 19, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Sergio Martinez
3666 Peace Pipe Way
Clermont, Florida 34711

Counsel of Record