UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SERGIO MARTINEZ,

    Plaintiff,

v.                                                           Case No. 5:11-cv-580-Oc-10TBS

DEUTSCHE BANK NATIONAL TRUST CO.,
as trustee for American Home Mortgage, Inc.,

    Defendant.

_____

## ORDER

Pending before the Court is Defendant's Motion for More Definite Statement (Doc. 17). Plaintiff has not filed a memorandum in opposition to the motion and the time within to do so has elapsed. See, Local Rule 3.01(b). When a party does not file a memorandum in opposition to a motion the Court frequently construes the party's non-action to mean the motion is unopposed. However, because Plaintiff is representing himself and because he has filed Plaintiff's Request for Entry of Default (Doc. 19), the Court assumes he opposes the Defendant's motion.

Local Rule 3.01(g) requires counsel to confer in good faith before filing most motions in civil cases and that the movant certify both that the conference occurred and whether the relief sought in the motion is opposed. When the opponent is unavailable to confer before a motion is filed the movant has the obligation "to contact the opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." Id. Here, counsel for the Defendant certified that

he attempted to confer with Plaintiff before filing the instant motion but counsel has not supplemented her Local Rule 3.01(g) certification as required. Although not explicit in our Local Rule, this Court construes it to impose on the opponent a duty to confer with the movant's lawyer and advise whether and to what extent, a proposed motion is opposed. Now, the parties are placed on notice that any future failure to strictly comply with Local Rule 3.01(g) will result in the denial of their motions without prejudice.

As I read Plaintiff's complaint, he is alleging that he purchased real property using mortgage financing. After the transaction closed, the lender declared a default, and foreclosed. Plaintiff avers in his complaint that the realtor, appraiser, underwriter and lender involved in the transaction along with the attorney who prosecuted the foreclosure conspired to behave dishonestly, negligently and illegally and that as a consequence, Plaintiff was damaged.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to give the defendant fair notice of what the pleader's claim is and the facts upon which it rests. Conley v. Gibson, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), overruled on other grounds, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiff must make sufficient factual allegations to raise a right to relief above the level of speculation. Twombly, 550 U.S. at 555, 127 S.Ct. at 1966.

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but

which is so vague or ambiguous that the party cannot reasonably prepare a response." When considering a motion for more definite statement, courts are guided by the pleading requirements of Fed. R. Civ. P. 8. Palma Vista Condo. Assoc. of Hillsborough County, Inc. v. Nationwide Mut. Fire Ins. Co., 8:09-cv-155-T-27EAJ, 2010 WL 2293265 *1 (M.D. Fla.)(citing Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)). Because the federal system employs the concept of notice pleading, motions for more definite statement are disfavored. Scarfato v. National Cash Register Corp., 830 F.Supp. 1441, 1443 (M.D. Fla. 1993). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." S.E.C. v. Digital Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000)(citation omitted).

Defendant complains that throughout the complaint, Plaintiff uses the term "Lender" without defining who the word refers to. It also appears that "Lender" is sometimes used interchangeably with "Defendant" which leads to ambiguity and confusion. Therefore, the Defendant's motion on this ground is due to be GRANTED. When Plaintiff amends his complaint he should refer to people and entities by their names or use clearly defined terms to identify them.

Next, Defendant says it is unable to discern which of Plaintiff's claims are asserted against it and which claims are brought against unnamed third parties. The complaint refers to an unidentified realtor, an appraiser and an underwriter all of whom allegedly owed duties to Plaintiff which he says they breached. The inclusion

of these allegations does not render the complaint unintelligible so as to require a more definite statement. Therefore, the motion on this ground is due to be DENIED.

Deutsche Bank National Trust Co., as Trustee for American Home Mortgage, Inc. is the sole defendant named in the complaint (Doc. 1). Its unverified motion for more definite statement avers that Deutsche Bank National Trust Co. is not the trustee for American Home Mortgage, Inc. Instead, the Defendant says Deutsche Bank National Trust Co., in its capacity as Trustee, holds a promissory note and mortgage encumbering property formerly owned by Plaintiff and American Home Mortgage Servicing Inc., is the servicer of the mortgage loan. Therefore, the Defendant concludes that it is incorrectly named in Plaintiff's complaint, which should be dismissed, and Plaintiff should be required to amend. This issue is not properly raised by a motion for more definite statement and in the absence of evidence, the Court will not decide whether Plaintiff has named the correct entity. For these reasons, this ground of the motion for more definite statement is due to be DENIED.

Plaintiff alleges in his complaint that venue is proper "in the fifth judicial circuit of the state of Florida, pursuant to 28 U.S.C. § 1391(c)." (Doc. 1, ¶ 5). Section 1391(c) sets the residency requirements for venue purposes. While Plaintiff fails to allege facts to show that his complaint meets the requirements of § 1391(c), Defendant does not contend that this Court lacks jurisdiction or that venue is improper. Defendant's concern about venue also does not prevent it from responding to Plaintiff's claims. Therefore, Defendant's motion on this ground is due to be DENIED.

Plaintiff's complaint is a shotgun pleading because it "incorporates all of the general factual allegations by reference into each subsequent claim for relief." Great Florida Bank v. Countrywide Home Loans, Inc., 2011 WL 382588 *2 quoting Ferrell v. Durbin, 311 Fed. App'x 253, 259 (11th Cir. 2009)(unpublished decision). "[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Paramo v. IMICO Brickell, LLC, 2008 WL 4360609 *8 (S.D. Fla.) quoting Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 367 (11th Cir 1996). While a motion for more definite statement is not a substitute for a motion to dismiss the Court will construe the motion as one for dismissal on this ground. Now, Defendant's motion to dismiss on the ground of shotgun pleading is due to be GRANTED.

Defendant argues that Plaintiff's complaint is convoluted and his causes of action are not numbered or organized in any logical way which prevents Defendant from responding. While Plaintiff has not separated his claims out into distinct counts this does not render his pleading unintelligible and Defendant's motion on this ground is due to be DENIED.

Finally, Defendant objects to the inclusion in Plaintiff's complaint of a section titled "Analysis and Evidence," citations of law, legal arguments and the Expert Declaration of Randall Kelton (Doc. 1-2). The Declaration purports to be an expert opinion in support of Plaintiff's claims. It is perfectly appropriate to cite in a complaint a statute or regulation upon which jurisdiction, venue or a cause of action is based.

However, paragraphs 39-43, 58-59, 66, 71-73, 80-81, 87-88 and 94 are legal argument or contain citations of law that do not belong in a complaint. Still, a motion for more definite statement is also not a substitute for a motion to strike and the Defendant's motion on this ground is due to be DENIED. However, Plaintiff is admonished to omit legal argument and unnecessary citations of law from his amended complaint.

Plaintiff shall have 20 days from the rendition of this Order within to amend his complaint which should be titled "Amended Complaint."

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 13, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Sergio Marginez
All Counsel of Record